

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| *970 Broad Street, Suite 700* | *973/645-2700* |
| *Newark, NJ 07102* | |

SWC/PL AGR
2011R00641

August 23, 2012

Nicholas R. Doria
Law Offices of Nicholas R. Doria, P.C.
Court Plaza North
25 Main Street, Suite 206
Hackensack, NJ 07601

    Re: <u>Plea Agreement with Somduth Soborun</u>

Dear Mr. Doria:

   This letter sets forth the plea agreement between your client, Somduth Soborun, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

   Conditioned on the understandings specified below, this Office will accept a guilty plea from Somduth Soborun to a one-count information, which charges failure to pay minimum hourly wages, contrary to 29 U.S.C. § 206(f), in violation of 29 U.S.C. § 215(a)(2). If Somduth Soborun enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Somduth Soborun for forced labor, trafficking with respect to forced labor, or document servitude, from on or about December 24, 2008 through on or about August 4, 2009. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Somduth Soborun may be commenced against him, notwithstanding the expiration of the limitations period after Somduth Soborun signs the agreement.

Sentencing

The violation of 29 U.S.C. § 215 to which Somduth Soborun agrees to plead guilty carries no term of imprisonment for a first offense and a statutory maximum fine of $10,000. See 29 U.S.C. § 216(a). Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Somduth Soborun is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Somduth Soborun ultimately will receive.

Further, in addition to imposing any other penalty on Somduth Soborun, the sentencing judge (1) will order Somduth Soborun to pay an assessment of $5 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing, and (2) must order Somduth Soborun to pay restitution pursuant to 29 U.S.C. § 216(b).

In addition, Somduth Soborun agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to  C.V.  ''-   in the amount of $24,153.05.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Somduth Soborun by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Somduth Soborun's activities and relevant conduct with respect to this case.

Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Immigration Consequences

The defendant understands that his guilty plea to the charged offense may result in his being subject to removal from the United States. The defendant understands that any possible immigration consequences of this plea will be imposed in a separate proceeding by the Department of State. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Somduth Soborun. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Somduth Soborun.

No Other Promises

This agreement constitutes the plea agreement between Somduth Soborun and this Office and supersedes any previous agreements between them. No additional promises, agreements, or

conditions have been made or will be made unless set forth in writing and signed by the parties.

                                 Very truly yours,

                                 PAUL J. FISHMAN
                               United States Attorney

                               By: Shana W. Chen
                               Assistant U.S. Attorney

APPROVED:

_____
David E. Malagold
Chief, OC/Gangs Unit


      I have received this letter from my attorney, Nicholas R. Doria, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge and sentencing. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: AUGUST 30, 2012
Somduth Soborun

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge and sentencing. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: august 30, 2012
Nicholas R. Doria, Esq.